UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN P. SUPPLEE,

          MEMORANDUM DECISION
             AND ORDER
        Appellant,        04-CV-2413(GBD)

    -against-

BETHLEHEM STEEL CORPORATION,

        Appellee.
------------------------------------------------------------------x
In re

BETHLEHEM STEEL CORPORATION,

        Debtor.


------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

      Appellant John P. Supplee appeals the bankruptcy court's December 30, 2003 decision granting the debtor's objection to Supplee's claim status as an administrative claim and denying Supplee's cross-motion for administrative priority. After a *de novo* review by this Court, the bankruptcy court's judgment that Supplee's claim "remains as an unliquidated unsecured claim" is affirmed.

      Supplee had been an employee of Lukens, Inc. since 1965, and then employed by appellee Bethlehem Steel Corporation, which acquired Lukens. Supplee participated in two Lukens non-qualified supplemental retirement plans: the Lukens Inc. Supplemental Retirement Plan for Lukens Performance Incentive Plan Participants, adopted effective as of January 1, 1988 and as amended from time to time ("LPIP SERP"), and the Lukens Inc. Supplemental Retirement Plan,

adopted effective as of December 28, 1975 and as amended from time to time ("SERP"). Both plans contain a provision that provides for an immediate lump sum payment to an employee, representing the present value of his "Accrued Benefit"[1] covered by the plan[2], when there is (1) a "change of control" of the ownership of Lukens[3]; and (2) where an employee is terminated for other than cause before the fifth anniversary of the change of control.[4] Bethlehem acquired Lukens in May 1998.

Bethlehem filed for bankruptcy on October 15, 2001. It sold its assets to ISG Acquisition Inc., a subsidiary of International Steel Group. On April 30, 2003, Supplee's employment with Bethlehem was terminated. The parties agree that the "change of control" provisions of the supplemental retirement plans applied when Supplee was terminated. Accordingly, he was entitled to a lump sum payment under their terms. The bankruptcy debtors' plan provided for the submission of administrative expense claims which would be paid in full on the effective date of the debtors' plan. On July 3, 2003, Supplee asserted an administrative expense claim in the amount of $1,148,685 for "severance benefits accrued" under the supplemental retirement plans. Bethlehem objected to the allowance of Supplee's claim as an administrative expense. Thereafter, in a sur-reply and in argument before the bankruptcy court, Supplee reduced the amount of his administrative expense claim to $298,046, the alleged difference between the full

---

[1] The "Accrued Benefit" is defined as "the portion of the benefit earned under the [applicable plan] to the Change in Control Payment Date calculated in accordance with Article IV." SERP, § 1.1(a); LPIP SERP § 1.01(a).

[2] SERP, § 8.2(a); LPIP SERP, § 8.02(a).

[3] SERP, § 1.1(d); LPIP SERP, § 1.01(d).

[4] SERP, § 1.1(e)(i); LPIP SERP, § 1.01(e)(i).

amount and the present value of the monthly benefits payable for life if he had voluntarily retired on the same date.[5] After a hearing, the bankruptcy court found Supplee's claim to be a general unsecured claim which was not entitled to administrative priority.

A district court reviews a bankruptcy court's conclusions of law *de novo*. Findings of fact are reviewed under the clearly erroneous standard and, therefore, may not disturbed unless clearly erroneous. See Fed. R. Bankr. P. 8013; see also Gulf States Exploration Co. v. Manville Prods. Corp. (In re Manville Products Corp.), 896 F.2d 1384, 1388 (2d Cir. 1990); Abel v. Shugrue (In re Ionosphere Clubs, Inc.), 184 B.R. 648 (S.D.N.Y. 1995). The primary issue in this appeal, whether Supplee's claim constitutes severance pay, and is therefore, entitled to administrative priority, is a question of law. See In re Crystal Apparel, 207 B.R. 406, 411 (S.D.N.Y. 1997) (applying *de novo* standard in deciding whether or not plaintiff's employment contracts were golden parachutes or severance pay).

Section 503(b) of the Bankruptcy Code defines those expenses and claims against a debtor's estate that are entitled to priority in a bankruptcy proceeding. In light of the bankruptcy goal of providing equal distribution of a debtor's assets to all creditors, statutory priorities are narrowly construed. See Trs. of Amalgamated Ins. Fund v. McFarlin's Inc., 789 F.2d 98, 100 (2d Cir. 1986). The claimant has the burden of establishing entitlement to the priority. In re Drexel Burnham Lambert Group, Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991). Administrative expenses allowed under section 503(b)(1) are entitled to first priority under the Code. 11 U.S.C. § 507(a). Such administrative expenses include "the actual, necessary costs and expenses of

---

[5] Therefore the bankruptcy court's determination as to administrative expense priority dealt only with the reduced portion of Supplee's claim, $298,046. The balance of his $1,148,685 claim was voluntarily reclassified by Supplee as a general unsecured claim.

preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A).  Under section 503(b), courts in this Circuit have found that employment-related benefits such as severance pay are forms of "wages" which can be entitled to administrative expense priority if incurred during the administration of a bankruptcy case.  See In re Spectrum Information Technologies, Inc., 193 B.R. 400, 405 (Bankr. E.D.N.Y. 1996) (citing Straus-Duparquet, Inc. v. Local Union No. 3 Int'l Bhd. Elec. Workers, 386 F.2d 649, 651 (2d Cir. 1967).

Severance pay is "a form of compensation for the termination of the employment relationship, for reasons other than the displaced employees' misconduct, primarily to alleviate the consequent need for economic readjustment but also to recompense him for certain losses attributable to the dismissal."  Straus-Duparquet, Inc. v. Local Union No. 3 Int'l Bd. Of Elec. Workers, 386 F.2d 649, 651 (2d Cir. 1967) (quoting Adams v. Jersey Central Power & Light Co., 120 A.2d 737, 740 (1956)).  In this Circuit, the right to severance pay arises on the date of termination and the entire amount incurred during the administration of a bankruptcy case is entitled to administrative priority under 11 U.S.C. § 507(a).[6]  See Rodman v. Rinier (In re W.T. Grant Co.), 620 F.2d 319 (2d Cir. 1980) cert. denied, 446 U.S. 983 (1980); Zelin v. Unishops, Inc. (In re Unishops, Inc.), 553 F.2d 305 (2d Cir. 1977); Straus-Duparquet, 386 F.2d at 649; see also McFarlin's, 789 F.2d at 98.

---

[6] The view in the majority of circuits is that severance pay is only entitled to administrative priority when an employee is due such payment in lieu of notice of termination or to the extent to which the claimed severance pay was earned post-petition.  See In re Roth Am., Inc., 975 F.2d 949, 957 (3d Cir. 1992); Lines v. System Bd. of Adjustment No. 94 Bhd. of Ry. (In re Health Maintenance Found.), 680 F.2d 619, 621 (9th Cir. 1982); Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.), 536 F.2d 950, 952 (1st Cir. 1976).

The bankruptcy court was correct when it declined to define Supplee's right to supplemental retirement benefits upon termination as a "severance payment." "Severance pay is compensation for the hardship which all employees, regardless of their length of service, suffer when they are terminated. It is therefore 'earned' when the employees are dismissed. Accordingly, it is granted a first priority as a cost of doing business during the bankruptcy proceeding." McFarlin's, 789 F.2d at 104. Supplee's termination however, did not trigger his entitlement to benefits under the SERP and LPIP SERP. Since he had completed five years of management service pre-petition, Supplee was already entitled to benefits under the SERP and LPIP SERP upon his retirement. SERP, § 7.1; LPIP SERP, § 7.01. His termination merely accelerated the payment of his benefits under the supplemental retirement plans since he was terminated other than for cause within five years of the change of control. SERP, § 8.2(a); LPIP SERP, § 8.02(a).

In addition, the bankruptcy court correctly determined that the benefits Supplee earned under the supplemental retirement plans were based on his continuous service to the company. It therefore did not constitute severance pay earned at termination, but rather payments earned as part of his past service to Lukens and Bethlehem. See SERP, § 4.1; LPIP SERP, § 4.01; see also McFarlin's, 789 F.2d at 104 (noting that "when severance pay...represents compensation for the employee's past services it is not an administrative expense entitled to priority"); In re Jamesway Corp., 199 B.R. 836, 841 (Bankr. S.D.N.Y. 1996) (holding that the $1 million in severance pay a former executive claimed upon his termination was not severance pay entitled to administrative priority since it was offered as an inducement for the executive to leave his former job and come to Jamesway, and was thus earned once he began his employment with the debtor); In re Hooker

Invs., 145 B.R. 138, 140, 149 (Bankr. S.D.N.Y. 1992) (rejecting a terminated executive's claim of over $4 million in severance pay since the consideration for payments was the executive's "original pre-petition commitment to a five-year term of employment with the Debtors"); In re Drexel Burnham Lambert Group, Inc., 138 B.R. 687, 713 (Bankr. S.D.N.Y. 1992) (the consideration to the debtor occurred pre-petition rather than post-petition and therefore the executive's claimed severance pay was rejected).

Payments under these plans were to supplement appellants' retirement income under the qualified pension plan, not to compensate him for his dismissal from his employment. Supplee's claim is for retirement benefits he earned during his years of employment under the supplemental retirement plans. Under the terms of the supplemental plans, the benefit payments became accelerated when Supplee was terminated within five years of the company's change of control. The payment owed appellant is a retirement benefit earned through his past employment. It is a supplement to his retirement income, not severance pay entitled to administrative priority under the Bankruptcy Code.

The judgment of the bankruptcy court is affirmed.

Dated: March 1, 2006
New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge